UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN DANIEL MENDOZA PAREDAS, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GARDA CL WEST, INC.,<br><br>Defendant. | Case No. 1:25-cv-00781-EPG<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY AND REQUESTS FOR JUDICIAL NOTICE<br><br>(ECF Nos. 21, 22, 25)<br><br>ORDER VACATING SCHEDULING CONFERENCE SET FOR JANUARY 12, 2026<br><br>(ECF No. 20)<br><br>ORDER DIRECTING CLERK OF COURT TO CHANGE CASE CAPTION |

**I.     INTRODUCTION**

This matter is before the Court on the motion of Defendant Garda CL West, Inc. to stay this case until related state court proceedings conclude. (ECF No. 21). Defendant also asks the Court to take judicial notice of certain state court documents. (ECF Nos. 22, 25).

Upon review of the parties' briefing and the applicable law, the Court will grant Defendant's motion to stay as described below and will grant Defendant's requests for judicial notice.[1]

**II.     BACKGROUND**

Defendant removed this action from the Fresno Superior Court on June 27, 2025. (ECF No. 1). Plaintiff's complaint alleges individual and putative class and collective action claims for

---

[1] The parties have consented to the undersigned handling all matters in this case. (ECF No. 12).

1

violations of the Fair Labor Standards Act (FLSA) and violations of California wage and hour laws. (ECF No. 1-1, p. 3).

The Court held a scheduling conference on October 6, 2024. During that conference, the parties discussed their positions regarding whether this case should be stayed in light of a pending class settlement in the Los Angeles Superior Court case, *Ernest Murcia v. Garda CL West, Inc.*, No. 24STCV19275 (*Murcia*). (ECF No. 18). Ultimately, the Court declined to open discovery and set a deadline for Defendant to file a motion to stay. (*Id.*).

On October 24, 2025, Defendant filed a motion to stay, accompanied by a request for judicial notice of related state court filings, arguing that the overlapping class action in *Murcia*, if approved following a final approval hearing on February 5, 2025, "will preclude all of Plaintiff's individual, class and collective claims from proceeding further." (ECF No. 21-1, p. 5; ECF No. 22). In support, Defendant cites to Plaintiff's motion to intervene in that case:

> On July 19, 2025, the parties in *Murcia* moved for preliminary approval of their class and PAGA settlement. (RJN Ex. C.) Garda's counsel notified Plaintiff Paredas' counsel of the preliminary approval proceedings in *Murcia* on July 21, 2025, and subsequently sent a copy of the motion for preliminary approval to Plaintiff's counsel. (RJN Ex. L at ¶ 20.) On August 8, 2025, Plaintiff's counsel moved to intervene and object to preliminary approval. (RJN Ex. I [petition to intervene] & Ex. J [opposition to preliminary approval].) In the petition to intervene, Plaintiff Paredas acknowledged the overlap between the *Murcia* action and the present action. First, Plaintiff conceded that "plaintiff Murcia's operative complaint includes the same allegations at issue in [Plaintiff Paredas'] Actions. In short, the issues in the actions are virtually identical." (RJN Ex. I at 13–14.) Second, Plaintiff Paredas conceded that "[i]f the Court grants final approval of the proposed settlement . . . [Paredas] will be barred from prosecuting Class [and] Collective . . . claims on behalf of himself and other Driver-Messengers which arose during the time period covered by the Murcia settlement." (RJN Ex. I at 12.)

(ECF No. 21-1, p. 10).

Moreover, Defendant argues that Plaintiff cannot pursue claims for anyone outside of Driver-Messengers (like himself), which are at issue in *Murcia* because (1) "Plaintiff will be unable to maintain a class or collective on behalf of employees who are differently situated than him," and (2) "the non-Driver-Messengers that Plaintiff seeks to represent are bound to arbitrate any dispute against Garda, and so cannot participate in a class or collective action." (*Id.* at 15, 16).

Plaintiff filed an opposition to the motion to stay on November 7, 2025. (ECF No. 23).

2

Plaintiff argues that the motion should "be denied because (1) the prejudice to plaintiff and the putative collective is palpable due to, *inter alia*, the FLSA running statute of limitations; (2) there is no harm to Defendant; and (3) a stay would frustrate the Court's ability to manage its docket and unnecessarily waste time." (*Id.* at 2). Plaintiff concedes that that the *Murcia* settlement, if approved, will dispose of some of Plaintiff's claims, but argues that other claims will not be covered by the *Murcia* settlement:

> Here, the majority of Plaintiff's Action would inevitably survive the *Murcia* Settlement and continue; only California Driver-Messengers who do not opt-out of the *Murcia* Settlement will be covered by the *Murcia* settlement, if the *Murcia* Settlement is approved. Other nonexempt employees including, without limitations, other hourly paid drivers, armed driver-cash transporters, route production supervisors, and CDL armed driver-cash transporters, are excluded from the *Murcia* settlement. As such, the overlap between this Action and the *Murcia* settlement is only partial, not total.

(*Id.* at 7).

On November 17, 2025, Defendant filed its reply, mainly reiterating its arguments in favor of a stay, which reply was accompanied by a request for judicial notice of related state court filings. (ECF Nos. 24, 25).

### III. ANALYSIS

As an initial matter, Defendant requests judicial notice of state court filings. Plaintiff did not oppose this request. The Court may take judicial notice of court records and will do so here. *See Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of "documents on file in federal or state courts").

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In considering whether to grant a stay, this court must weigh competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). A stay may be granted regardless of whether the separate proceedings are

"judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). "[A] district court's stay order [is reviewed] for abuse of discretion, but this standard is somewhat less deferential than the abuse of discretion standard used in other contexts." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1105 (9th Cir. 2005) (citation and quotation marks omitted).

Upon consideration of these standards, the Court will grant Defendant's motion to stay insofar as it will stay this case until the motion for final approval in *Murcia* is adjudicated, or May 5, 2026, whichever is sooner.

Notably, both parties agree that the proposed settlement, if approved, will dispose of some of Plaintiff's claims, and the Court concludes that such a ruling would substantially narrow the claims in this case. Moreover, the Court finds it noteworthy that Plaintiff stated to the *Murcia* court that the issues in this case and *Murcia* "are virtually identical." (ECF No. 22-9, p. 15). Although Plaintiff intends to argue that Plaintiff may nevertheless proceed on claims for persons outside the scope of the settlement, including "armed driver-cash transporters," a stay will allow the Court and parties to focus on a narrower set of issues and claims. (ECF No. 23, p. 7).

Further, given the limited scope of the stay, the Court does not find that Plaintiff will be prejudiced. Although Plaintiff raises statute-of-limitations issues regarding the FLSA claims, as Defendant notes and as other courts have concluded, the limitations period may be equitably tolled. (ECF No. 23, pp. 4-5; ECF No. 24, p. 6); *see Franklin v. Scripps Health*, No. 22-CV-367-MMA (MDD), 2022 WL 4389691, at *6 (S.D. Cal. Sept. 21, 2022) ("However, any potential damage to the putative collective members' FLSA claims can be sufficiently negated and thus does not tip the balance of factors against granting a stay. The Ninth Circuit has interpreted the FLSA statute of limitations as a procedural limitation that may be tolled when equity warrants.").

Additionally, having to litigate potentially duplicative claims, which may be resolved soon, would impose a burden on Defendant and the Court, resulting in a needless use of resources. *See Meints v. Regis Corp.*, No. 09CV2061 WQH (CAB), 2010 WL 625338, at *3 (S.D. Cal. Feb. 16, 2010) ("Allowing Plaintiff to proceed to class discovery in this case when a settlement potentially barring her class action is pending would waste judicial resources and

require Defendant to expend significant effort to comply with discovery requests in a case which is unlikely to result in a class certification.").

### IV.     CONCLUSION AND ORDER

Having concluded that a stay is warranted, IT IS ORDERED as follows:

1. Defendant's motion to stay litigation in this case (ECF No. 21) is granted as specified below.
    a. This case is stayed until the motion for final approval in *Murcia* is adjudicated, or May 5, 2026, whichever is sooner.
    b. The parties shall file a joint status report within 7 days of the *Murcia* ruling (including a copy of the ruling as an attachment to the joint status report), setting forth their respective positions on how the ruling affects this case. Or if no ruling is issued by May 5, 2026, they shall file a joint status report by no later than May 12, 2025, with their respective positions on whether the stay should be lifted or extended.
2. Defendant's requests for judicial notice (ECF Nos. 22, 25) are granted.
3. The parties are directed to meet and confer, and by no later than January 12, 2026, Plaintiff may submit a motion, or stipulation, requesting tolling of the FLSA statute of limitations for Plaintiff's claims.
4. In light of the stay, the scheduling conference set for January 12, 2026, and all accompanying requirements, are vacated. (ECF No. 20). The Court will reset the scheduling conference, if necessary, at a later date.
5. Lastly, the Clerk of Court is directed to change the case caption from "Ivan Daniel Mendoza Paredas on behalf of himself and all *other* similarly situated," to "Ivan Daniel Mendoza Paredas on behalf of himself and all *others* similarly situated."

IT IS SO ORDERED.

Dated:  **December 22, 2025**                      /s/ Erica P. Grosjean
                                                   UNITED STATES MAGISTRATE JUDGE